IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KHALID ALTAWARH, :
:
    Petitioner, : CIVIL ACTION NO. 17-1303
:
v. :
:
JOHN WETZEL, et al., :
:
    Respondents. :

## ORDER

**AND NOW**, this 26th day of October, 2017, after considering the petition for writ of habeas corpus (Doc. No. 1), the respondents' response thereto (Doc. No. 5), the state-court record, United States Magistrate Judge Marilyn Heffley's report and recommendation (Doc. No. 9), and the petitioner's objections to the report and recommendation (Doc. No. 12); accordingly, it is hereby **ORDERED** as follows:

    1. The Clerk of Court is **DIRECTED** to remove this action from civil suspense and **RETURN** it to the court's active docket;

    2. The petitioner's objections to the report and recommendation (Doc. No. 12) are **OVERRULED**;[1]

    3. The Honorable Marilyn Heffley's report and recommendation (Doc. No. 9) is **APPROVED** and **ADOPTED**;

    4. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

    5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH

---

[1] The court conducts a de novo review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

Altawarh first objects to Magistrate Judge Heffley's conclusion that his trial counsel was not ineffective when counsel did not object to the fact that Altawarh was sentenced for attempted first degree murder despite the Commonwealth charging him with criminal homicide. *See* Pet.'s Written Objs. to the R. & R. of the Magistrate ("Objs.") at 1-5, Doc. No. 12. In support of this objection Altawarh cites *Commonwealth v. Kemmerer*, 584 A.2d 940 (Pa. 1991), to argue that Magistrate Judge Heffley erred by relying on *Commonwealth v. Polimeni*, 378 A.2d 1189 (Pa. 1977) because *Kemmerer* "expressly overruled" *Polimeni*. *See id.* at 2-3. Altawarh's reliance on *Kemmerer* is misplaced.

In *Kemmerer*, the Supreme Court of Pennsylvania addressed whether the government was barred under former Pennsylvania Rule of Criminal Procedure 1120(d) from bringing a second prosecution for second degree murder, third degree murder, and voluntary manslaughter "after the first jury found the [defendant] not guilty on charges of first degree murder and involuntary manslaughter," but could not reach a verdict on the other charges. *See Kemmerer*, 584 A.2d at 941 (alteration to original). The Court explained that the issue was whether the charges of second degree murder, third degree murder, and voluntary manslaughter were "necessarily included" in the first degree murder and involuntary manslaughter charges for which the jury found the defendant not guilty. *See id.* at 943 ("In the instant matter, then, we must ascertain whether the charges remaining against appellee are necessarily included in the offenses of which he has been acquitted."). Unlike in *Kemmerer*, here the issue is not preclusion. Rather, the issue is whether a charge of criminal homicide under 18 Pa. C.S. § 2501 is sufficient for the jury to find the defendant guilty of first degree murder under section 2502. It is.

Not only does the language of section 2501 explicitly state that "[c]riminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter," but *Kemmerer* itself acknowledges this reality. In *Kemmerer*, the Court noted that the defendant was charged with "one count of criminal homicide . . . ." *Id.* at 940. Yet, the jury ultimately considered whether the defendant had committed first, second, or third degree murder (as well as involuntary and voluntary manslaughter). *See id.* at 941-42. Whether the jury in the first case was allowed to consider first degree murder when the defendant had only been charged with criminal homicide *was never at issue* on appeal in *Kemmerer*. Rather, the issue was whether the prosecution could bring a *second* case against the defendant for lower levels of criminal homicide. In sum, *Kemmerer* does not address the issue in this case and Altawarh's objection on this point is without merit.

For his second objection, Altawarh suggests that his trial counsel did not sufficiently advise him of the prejudice that he could incur if he decided to wear prison garb at trial. *See* Objs. at 5-6. Altawarh does not raise any arguments here that Judge Heffley did not already address in her report and recommendation. The court finds Judge Heffley's reasoning to be persuasive and adopts her analysis.

For his third objection, Altawarh argues that his trial counsel was ineffective for failing to "seek a change of venue" due to "prejudicial pretrial publicity." *See id.* at 6-7. In the Report and Recommendation, Judge Heffley found that "there is no reasonable probability that the trial court would have agreed to a change in venue if Altawarh's counsel had requested one." R. & R. at 23, Doc. No. 9. Altawarh objects to this finding because the real "gist of [his] claim, [was] counsel's complete failure to even try [to move for a change of venue]" and not whether

counsel would have been successful had counsel attempted to move for a change of venue. Objs. at 7 (alterations to original).

Altawarh's objection lacks merit because he overlooks the Supreme Court's analytic framework for an ineffective assistance of counsel claim. The standard for an ineffective assistance of counsel claim is two-fold. *Strickland v. Washington*, 466 U.S. 668 (1984). First, counsel's performance must have fallen below an objective standard of reasonableness. *See id.* at 687. Second, counsel's lack of performance must have prejudiced the defendant. *See id.* To show prejudice, a petitioner must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' with 'a reasonable probability' meaning 'a probability sufficient to undermine confidence in the outcome.'" *Mathias v. Frackville SCI*, 869 F.3d 175, 189 (3d Cir. 2017) (quoting *Strickland*, 466 U.S. at 694).

In light of this standard, Judge Heffley's statement that "there is no reasonable probability that the trial court would have agreed to a change in venue if Altawarh's counsel had requested one" addressed the "gist of the claim." Judge Heffley found, and this court agrees, that the publicity was not sufficiently pervasive to warrant a change of venue. In other words, Altawarh's objection failed to pass the second prong of *Strickland* because even if Altawarh's counsel had objected, there is a reasonable probability that the outcome would have been the same, *i.e.*, the state trial court would not have transferred the case and he still would have been tried in Bucks County.

Altawarh's final objection relates to his claim that the trial court considered improper sentencing factors in imposing his sentence. Objs. at 7-9. Altawarh argues that the trial court imposed an aggravated sentence based on the trial court's statement that an "aggravated sentence was warranted" in the case. *Id.* at 7-8. Altawarh was ultimately sentenced to 90-180 months for attempted murder and 78-156 months for rape. Altawarh argues that these sentences were aggravated because "despite the statutory maximum sentence, the trial court . . . deviat[ed] from the standard guidelines." *Id.* at 9. Altawarh is mistaken.

Notwithstanding the fact that the trial court did mention an "aggravated sentence" in the sentencing colloquy, the sentence the trial court actually imposed does not appear to be aggravated as the term is understood in Pennsylvania. A sentence is considered aggravated under the Pennsylvania guidelines when the minimum length of the sentence exceeds the maximum length provided for in the standard guideline range by any length of time up to twelve months. If the minimum length goes beyond twelve months above the maximum length provided for in the standard guideline range, that sentence is no longer considered aggravated, and is now considered a "departure sentence."

In his objections, Altawarh states that "the standard range for attempted murder is 84-102 months." *Id.* This means that Altawarh's standard range for rape would have been 72-90 months. *See* Pennsylvania Commission on Sentencing, Basic Sentencing Matrix § 303.16 (6th ed. 2008). Under this scenario, if Altawarh had received a minimum sentence of 103 months for attempted murder, *then* the trial court would have sentenced him in the "aggravated" range of the sentencing guidelines because the trial court would have exceeded the maximum length of 102 months provided in his standard guideline range. Here, however, on both sentences, his minimum was within the standard range as reflected by his sentence to a minimum term of confinement for 90 months for attempted murder and his consecutive sentence to a minimum term of confinement for 78 months for rape. Thus, the trial court does not appear to have imposed an aggravated sentence per the information Altawarh has provided. Nonetheless, even if the trial court had imposed aggravated range sentences for attempted murder and rape, Judge Heffley properly rejected Altawarh's argument that his trial counsel was ineffective for failing to challenge his sentence. *See* R. & R. at 24-28.

Altawarh does not object to any of Judge Heffley's other findings or conclusions. Consequently, this court reviews those findings and conclusions for plain error. Finding none here, this court adopts Magistrate Judge Heffley's reasoning and conclusions on Altawarh's other claims.